Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 APR 12 AM 10: 14

CLERK OF COURT
BY



## IN THE SUPERIOR COURT OF GUAM

In the matter of:

CHARLES HARDY,

        Petitioner

vs.

CIVIL SERVICE COMMISSION,

        Respondent

and

GUAM PUBLIC SCHOOL SYSTEM,

        Real Party In Interest

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

SPECIAL PROCEEDING CASE NO.
SP0188-09

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III, on November 28, 2011 on Petitioner Hardy's Petition for Judicial Review. Attorney Daniel S. Somerfleck represented Petitioner. Attorney Sophia Santos Diaz represented Respondent Civil Service Commission. Attorney Fred S. Nishihira represented the Real Party In Interest, Guam Public School System. Having considered the parties' written and oral arguments and the applicable law, the Court now issues its Decision and Order.

-1-

*ORIGINAL*

## FACTUAL HISTORY

In 2008, Petitioner was an employed as a teacher at Simon Sanchez High School. In September, 2008, Petitioner brought a grievance against Guam Public School System ("GPSS") based on allegations that certain policies adopted by the principal at Simon Sanchez High School violated certain provisions of the Collective Bargaining Agreement ("CBA") entered into between the Guam Federal of Teachers and the Guam Education Policy Board for GPSS Teachers. The issues between Petitioner and Management were not resolved during the first three steps of the grievance process and, as provided by Step IV of the procedures outlined in the CBA, Petitioner filed a request for appeal by the Civil Service Commission ("Commission").

On May 9, 2009, the Commission held a hearing on Petitioner's request for an appeal. The only issue before the Commission on that day was simply whether "the Commission [had] the jurisdiction to hear a matter regarding a grievance filed under the Collective Bargaining Agreement?" On August 9, 2009, the Commission issued a Decision and Judgment wherein, by a vote of 5-0, the Commission ruled that it did not have jurisdiction to hear the matter.

## DISCUSSION

### I. Jurisdiction

Petitioner claims this Court has jurisdiction over this matter pursuant to title 7, section 31102 of the Guam Code, which provides that "A writ of review may be granted by any court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceed [sic] the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy." 7 GUAM CODE ANN. § 31102. However, Petitioner does not argue that the Commission in this case exceeded its jurisdiction; rather, Petitioner suggests that the Commission erred in determining a question of law regarding

whether it ever had jurisdiction. As such, this Court finds the more appropriate statutory basis for judicial review here arises under title 5, section 9240 of the Guam Code which provides:

> Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence.

5 G.C.A. § 9240.

## II. Scope of Review

The narrow question presented to the Court in this case is whether the Commission erred in determining that it lacked jurisdiction to hear a grievance appeal filed pursuant to the terms of a valid Collective Bargaining Agreement. The jurisdiction of the Commission is a matter of statutory interpretation. Mesngon v. Gov't of Guam, 2003 Guam 3 ¶ 8 (citing Univ. of Guam v. Civil Serv. Comm'n, 2002 Guam 4 ¶ 5). This court reviews questions of statutory interpretation *de novo*. See Id. (citing Ada v. Gutierrez, 2000 Guam 22 ¶ 10).

## III. Analysis

The Commission has jurisdiction to "hear appeals of . . . grievance complaints . . . *if* such right of appeal to the Commission is established in the personnel rules governing the employee." 4 G.C.A. § 4403(c). The Department of Education ("DOE") Personnel Rules and Regulations ("Personnel Rules")[1] relating to grievance procedures state that "[w]hen negotiated procedures exist, they shall be the exclusive procedures available to employees in the unit for settlement of

---

[1] Although both parties refer generally to "personnel rules" within their pleadings, neither party has provided this Court with evidence regarding the substance or applicable provisions of any rules. For purposes of this decision, this Court takes judicial notice of Guam Department of Education's Personnel Rules & Regulations under Guam Rule of Evidence 201. The Personnel Rules are accessible at the Department of Education's website: http://www.justice.gov.gu/compileroflaws/CourtRules/Rules%20of%20Evidence%20060707.pdf The Personnel Rules constitute facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." GRE 201

individual or group grievances." Personnel Rules, section 909.300. And Step IV of the CBA grievance procedure provides that appeals may be made to the Commission, which "shall review the official grievance file and all relevant written representations." Pet. for Judicial Rev., Exh 2, CBA 4.E.2.a. Thus, the logical application and progression of the above statutes and rules looks something like this: 1) the Commission has jurisdiction over grievances brought pursuant to DOE's Personnel Rules; 2) the Personnel Rules provide that where a collective bargaining agreement exists, that agreement controls the grievance procedures; and 3) there is an applicable agreement that clearly shows that the parties have consented to the jurisdiction of the Commission to oversee grievance appeals. Thus, under Guam law it seems that the Commission has subject matter jurisdiction over the appeal.

In determining that it lacked jurisdiction to hear the appeal the Commission relied solely on Judge Barrett-Anderson's ruling in Guam Public School System v. Marilyn Castro and Civil Service Comm'n, Special Proceeding Case No. 163-05, *Decision on Petition for Writ of Review* (Aug 8, 2006). In that case the court determined that the Commission lacked jurisdiction to rule on alleged violations of the collective bargaining agreement reached by GPSS and the Guam Federation of Teachers.

This Court does not believe a reading of Castro compels a finding that the Commission lacks jurisdiction in this case, and certainly not in *all* cases involving a collective bargaining agreement as Respondents apparently suggest. Castro involved a unique set of facts. As petitioner highlights, the issues in Castro related to an *expired* collective bargaining agreement. Id. Moreover, Castro filed her appeal pursuant to DOE's Personnel Rules and Regulations despite the fact that the basis of her complaint was a violation of the expired agreement. Id. Thus, the Castro court was "in a quandary why Castro chose to pursue her grievance of CBA violations

under DOE's Personnel Rules and Regulations instead of the Employee Grievance Procedures of the CBA, Article IV(d)." Id. Judge Barrett-Anderson therefore acknowledged that under the circumstances in that case "[t]he CSC did not have authority to determine any issue affecting labor relations between the GPSS and the GFT. The CSC's jurisdiction is limited solely to personnel matters within the scope of Title 4 G.C.A. Section 4101 et seq., and DOE's Personnel Rules and Regulations." Id. In the present case, the Commission was faced with significantly different facts from those presented in Castro. Petitioner appealed in accordance with the provisions of the CBA. Moreover, the validity of the CBA has not been questioned. By filing the appeal with the Commission, Petitioner was following applicable grievance procedures expressly agreed to by the parties. Given that the CBA was the effective document governing the grievance process at the time of Petitioner's appeal, Petitioner had no other option *but* to file his appeal with the Commission pursuant to that document. In this instance, upon application of the relevant jurisdictional statutes and personnel rules, this Court concludes that the Commission has jurisdiction to hear the employee grievance filed under the valid and binding CBA.

## CONCLUSION

Based on the foregoing this Court finds that the Commission's decision regarding its lack of jurisdiction was not in accordance with the law. Therefore, the Commission's Decision and Judgment shall be VACATED and the matter remanded to the Commission for a hearing on the merits.

Petitioner also requests attorney's fees under title 4, section 4106 of the Guam Code. That section specifically allows an award of attorney's fees "if an employee in the classified service retains an attorney to represent him or her before the Civil Service Commission or other

-5-

applicable administrative body to challenge an adverse action brought against the employee, and the employee prevails in whole or in part before the Civil Service Commission . . . ." The present Petition does not involve a challenge to an adverse action decision and does not involve representation before the Civil Service Commission. Issues regarding attorney's fees under section 4106 are matters to be addressed by the Commission along with the other issues presented by Petitioner.

It is **SO ORDERED**, this 10th day of April, 2012.

APR 1 0 2012

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 1 2 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam